NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CABLEVISION OF NEWARK<br><br>Plaintiff,<br><br>v.<br><br>JAMES SAMUELS, MICHELLE PARRISH, TODD BARNETT, JOHN CUNHA, and OLANIYI OYELOLA<br><br>Defendants. | Hon. Dennis M. Cavanaugh<br><br>**OPINION**<br><br>Civil Action No. 02-CV-2101(DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Plaintiff Cablevision of Newark ("Plaintiff") for entry of sum certain judgment against Defendant Michelle Parrish ("Parrish"). No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. After careful review of the record, Plaintiff's motion for entry of a sum certain judgment is **granted**.

I. BACKGROUND

Plaintiff filed a Complaint in this matter on May 1, 2002. See Affidavit of Michael D. Cassell ("Cassell Aff.") at ¶2. On May 23, 2002, Parrish was served with copies of the Summons and Complaint. Id. at ¶2. Defendant filed an answer, and on or about October 17, 2002, the parties agreed to settle their claims. Id. The terms of the settlement were reduced to writing in the form of a Stipulation of Partial Discontinuance and Order. Id. at ¶3 Both parties signed the Stipulation, and it was Ordered by this Court on January 2, 2003. Id.

Under the terms of the Stipulation, Parrish is required to pay Plaintiff $5,000.00 in installment payments. See Cassell Aff. at ¶4. Paragraph Four of the Stipulation indicates that if Parrish fails to make any of the required payments, Plaintiff will notify her by regular and certified mail that she is in default of said payments. Id. at ¶5. If Parrish should further fail to tender the amount due within fifteen days of said notification, Plaintiff shall file a "sum certain" default judgment against Parrish in an amount equal to $6,000.00 minus what she has already paid.

Plaintiff avers that as of September 21, 2004, Parrish tendered only $600.00 of the $5,000.00 amount due to Cablevision. Parrish failed to timely deliver the remaining $4,400.00. As such, in accordance with the Stipulation, Plaintiff notified Counsel for Parrish by way of letter on September 21, 2004, that Parrish was in default of the payment terms. Plaintiff requested tender of the $4,400.00 within fifteen days. Plaintiff avers that to date Parrish has neither tendered payment nor contacted Plaintiff to discuss this matter. As such, on November 2, 2005, Plaintiff filed the instant motion seeking judgment to be entered against Parrish in the amount of $5,4000.00 ($6,000.00 minus $600.00 already paid), as per the terms of the Stipulation.

## II. ANALYSIS

Under Third Circuit jurisprudence, jurisdiction is retained by a court to enforce a settlement agreement if the settlement agreement was previously approved by the court and incorporated into an order of the court. See Sherman v. Wellbrock, 761 F.Supp 1135 (D.N.J. 1991) (citing Halderman v. Penhurst State School and Hospital, 901 F.2d 311, 317 (3d Cir. 1990). This is especially the case when the language of the settlement agreement specifically retains the court's jurisdiction. See Kelly v. Greer, 365 F.2d 669, 671 (3d Cir. 1996).

The Stipulation at issue was issued by Order of this Court on January 2, 2003. Moreover,

the Stipulation specifically provides that "jurisdiction is hereby retained by this Court to enable any of the parties to apply to this Court...for enforcement of compliance with the foregoing." (Stipulation of Partial Discontinuance at pg 4). As such, it is within the jurisdiction of this Court to enforce the terms of the Stipulation.

The Court is satisfied that Plaintiff has met with its obligations under the Stipulation. Plaintiff properly notified Parrish of her failure to make payments in accordance with the terms of the Stipulation, and no payment has been made since that time. As such, the Court finds it proper that a sum certain judgment be entered against Parrish. Because Parrish has tendered $600.00 to Plaintiff, judgment is properly entered in the amount of $5,400.00.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for a sum certain judgment is **granted**. Judgment is granted in the amount of $5,400.00. An appropriate Order accompanies this Opinion.

Dennis M. Cavanaugh, U.S.D.J.

Date:       November 21, 2005
Original:   Clerk's Office
cc:         All Counsel of Record
            The Honorable Mark Falk, U.S.M.J.
            File